IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ANGELA D. M.,**

    **Plaintiff,**

v.                                                      Case No.: 2:20-cv-00589

**KILOLO KIJAKAZI,**
**Acting Commissioner of the**
**Social Security Administration,**

    **Defendant.**

## **MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff's Motion and Brief for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 23). Defendant has responded to the Motion indicating that she neither supports nor opposes same. (ECF No. 26). Having considered the Motion and attached exhibits, the Court **GRANTS** Plaintiff's fee request for the following reasons.

On August 10, 2021, this Court awarded Plaintiff's counsel $3,198.00 pursuant to the Equal Access to Justice Act (EAJA) for work expended on behalf of Plaintiff in her request for judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) denying Plaintiff disability benefits. On remand from this Court, Plaintiff received a favorable decision which resulted in an award of past-due benefits. Plaintiff's counsel now seeks fees under a contingent fee agreement wherein Plaintiff agreed to pay counsel up to 25% of past-due benefits recovered. Plaintiff's counsel asks that the contingent fee be paid, and acknowledges her responsibility to refund to Plaintiff the fees awarded under the EAJA should § 406(b) fees be granted.

Title 42 U.S.C. § 406(b) allows an attorney, who successfully represents a social security claimant in an action brought against the Commissioner in federal court, to receive a reasonable fee not to exceed 25% of the past-due benefits to which the claimant is entitled. Contingent fee agreements are a common means by which fees are set in Social Security cases. The provisions of the Social Security Act limiting attorney fees to 25% of past-due benefits do not displace contingent fee agreements as long as their terms fall within the statutory maximum. *Gisbrecht v. Barnhardt,* 535 U.S. 789, 793 (2002). Courts are required to perform an independent review of the fee agreements, however, to ensure that "they yield reasonable results in particular cases." *Id.* at 807.

In examining a fee request, "judges should constantly remind themselves that, while the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar." *Redden v. Celebrezze,* 370 F.2d 373, 376 (4th Cir. 1966). Even where a requested fee falls within the 25% cap, "a reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results ... achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.' *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quoting *Gisbrecht,* 535 U.S. at 808). While the fees awarded under § 406(b) are limited to those for court-related work, the reviewing court can consider "as one factor in its reasonableness determination, the time spent and work performed by counsel on the case when it was pending at the agency level" because this information gives the court "a better understanding of factors relevant to its reasonableness inquiry, such as the overall

complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court" *Id.*

Here, plaintiff signed a contingent fee agreement stating that she would pay her counsel a fee equal to 25% of all past-due benefits if the SSA favorably decided her claim at the Appeals Council level or at the ALJ hearing level after a decision by the Appeals Council or Federal Court. Plaintiff received a favorable ruling after remand from this Court. Although the fee works out to be $281.56 per hour for 18.1 hours of work, that hourly rate is not outside of a reasonable range in this circuit. *See, e.g.,* See *Jones v. Astrue*, No. 1:09cv61-MR, 2012 WL 2568083 (W.D.N.C. June 29, 2012) (awarding § 406(b) attorney's fees in an amount equal to an hourly rate of $1,060.13, and collecting cases in which the hourly rate awarded ranged from $446.41 to $1,021.00); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving a contingency fee agreement with an hourly rate of $1,433.12); *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with an hourly rate of $1,043.92); *Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with effective hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience). In addition, counsel have supplied information regarding their length of practice and expertise, demonstrating that they have considerable experience in social security disability cases. The work performed by counsel, as detailed in their time records, was appropriate and necessary, and counsel obtained a favorable outcome for Plaintiff without undue delay.

For these reasons, the Court **GRANTS** the fee request of $5,096.28 pursuant to

42 U.S.C. § 406(b). The Social Security Administration is **ORDERED** to pay this fee from the amounts withheld from Plaintiff's past-due benefits and remit to Plaintiff any remaining amounts that were withheld for attorney fees. Plaintiff's counsel is hereby **ORDERED** to refund to Plaintiff the EAJA fees previously awarded upon receipt of the § 406(b) fees.

The Clerk is directed to provide a copy of this counsel of record.

**ENTERED:** March 8, 2023

Cheryl A. Eifert
United States Magistrate Judge